UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **J.R. GRAY, INC.** <br><br> **VERSUS** <br><br> **RENE CROSS CONSTRUCTION, INC.** | **CIVIL ACTION NO.: 16-13189** <br><br> **SECTION:** <br><br> **JUDGE:** <br><br> **MAGISTRATE:** |

## J.R. GRAY, INC.'S ORIGINAL COMPLAINT

The Original Complaint of Plaintiff J.R. Gray, Inc. with respect represents:

## PARTIES

I.

Plaintiff J.R. Gray, Inc. ("Gray") is a Louisiana limited liability company with its principal place of business in Houma, Louisiana.

II.

Defendant Rene Cross Construction, Inc. ("Rene Cross") is a Louisiana limited liability company with its principal place of business in Belle Chasse, Louisiana.

## JURISDICTION AND VENUE

III.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1333 as this is a case arising under the Court's admiralty jurisdiction and Rule 9(h) of the Federal Rules of Civil Procedure.

IV.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana.

1

## FACTUAL BACKGROUND

V.

Gray and Rene Cross have appreciated a long standing business relationship wherein Gray has supplied its barges to Rene Cross pursuant to mutually agreed upon Bareboat Charter Agreements.

VI.

A Bareboat Charter Agreement, which includes the terms of the charter hire including individual barge cost per day and payment terms of thirty (30) days from the date of the invoice, is issued by Gray to Rene Cross prior to Rene Cross taking delivery of the barge(s) specified in the Agreement, and becomes effective upon either the signing of the agreement or upon acceptance of the barge(s) by Rene Cross.

VII.

The Bareboat Charter Agreements entered into by the parties require that all rights, terms, and obligations of the parties are to be governed by first, the General Maritime Law of the United States, then, by the laws of the State of Louisiana.

VIII.

The Bareboat Charter Agreements require that interest for late payment of a charter hire by Rene Cross shall be assessed at 18% per annum, or the maximum amount permitted by law, whichever is highest, for each day that payment is not received beyond said due date.

IX.

Further, the Bareboat Charter Agreements require that if either party to the agreements has to retain an attorney to enforce any of its rights for breach of the other party's obligations under

the Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs against the party in breach.

X.

Since November 31, 2014, and despite repeated demand, Rene Cross has failed to pay on twenty-eight (28) invoices issued by Gray to Rene Cross pursuant to Bareboat Charter Agreements for a total balance outstanding of TWO HUNDRED SEVENTY-FIVE THOUSAND SEVEN HUNDRED SEVENTY-THREE DOLLARS AND FIVE CENTS ($275,773.05). A breakdown of the outstanding invoice payments owed by Rene Cross to Gray are as follows:

| Type | Date | Num | Due Date | Aging | Open Balance |
|---|---|---|---|---|---|
| Invoice | 10/31/2014 | 141001 | 10/31/2014 | 633 | 0.04 |
| Invoice | 12/31/2014 | 141204 | 12/31/2014 | 572 | 11,826.50 |
| Invoice | 12/31/2014 | 141207 | 12/31/2014 | 572 | 6,758.00 |
| Invoice | 01/31/2015 | 150101 | 01/31/2015 | 541 | 12,671.25 |
| Invoice | 01/31/2015 | 150104 | 01/31/2015 | 541 | 11,826.50 |
| Invoice | 02/28/2015 | 150201 | 02/28/2015 | 513 | 11,445.00 |
| Invoice | 02/28/2015 | 150204 | 02/28/2015 | 513 | 10,682.00 |
| Invoice | 02/28/2015 | 150207 | 02/28/2015 | 513 | 6,104.00 |
| Invoice | 03/31/2015 | 150301 | 03/31/2015 | 482 | 12,671.25 |
| Invoice | 03/31/2015 | 150304 | 03/31/2015 | 482 | 11,826.50 |
| Invoice | 03/31/2015 | 150307 | 03/31/2015 | 482 | 6,758.00 |
| Invoice | 03/31/2015 | 150321 | 03/31/2015 | 482 | 19,929.50 |
| Invoice | 04/30/2015 | 150401 | 04/30/2015 | 452 | 12,318.75 |
| Invoice | 04/30/2015 | 150404 | 04/30/2015 | 452 | 11,497.50 |
| Invoice | 04/30/2015 | 150407 | 04/30/2015 | 452 | 6,570.00 |
| Invoice | 04/30/2015 | 150421 | 04/30/2015 | 452 | 8,629.25 |
| Invoice | 05/31/2015 | 150501 | 05/31/2015 | 421 | 12,729.38 |
| Invoice | 05/31/2015 | 150507 | 05/31/2015 | 421 | 4,542.00 |
| Invoice | 06/30/2015 | 150601 | 06/30/2015 | 391 | 15,245.63 |
| Invoice | 01/31/2016 | 160105 | 01/31/2016 | 176 | 5,431.20 |
| Invoice | 02/29/2016 | 160204 | 02/29/2016 | 147 | 11,114.25 |
| Invoice | 02/29/2016 | 160205 | 02/29/2016 | 147 | 7,459.95 |
| Invoice | 03/31/2016 | 160304 | 03/31/2016 | 116 | 11,880.75 |
| Invoice | 04/30/2016 | 160404 | 04/30/2016 | 86 | 11,602.50 |

3

| | | | | | |
|---|---|---|---|---|---|
| Invoice | 05/31/2016 | 160504 | 05/31/2016 | 55 | 11,989.25 |
| Invoice | 05/31/2016 | 160514 | 05/31/2016 | 55 | 4,205.60 |
| Invoice | 06/30/2016 | 160604 | 06/30/2016 | 25 | 11,602.50 |
| Invoice | 06/30/2016 | 160614 | 06/30/2016 | 25 | 6,456.00 |
| | | | | | **$275,773.05** |

XI.

Gray seeks to recover the total amount of payments due under the outstanding invoices ($275,773.05), plus 18% per annum calculated from date of judgment, reasonable attorney's fees, costs, and penalties pursuant to the below causes of action.

## CAUSES OF ACTION

### *Breach of Contract*

XII.

Rene Cross entered into twenty-eight (28) maritime contracts for the charter of Gray's barges.

XIII.

Rene Cross has breached these contracts by failing to pay the amounts due as specified in the invoices issued and notated herein within the required thirty (30) day period.

### *Penalties Pursuant to Louisiana Revised Statute 9:4814*

XIV.

Gray adopts and incorporates by reference all preceding paragraphs as if copied *in extenso*.

XV.

Louisiana R.S. 9:4814 imposes liability upon a contractor or subcontractor who fails to apply funds received as necessary to settle claims. Specifically, Louisiana R.S. 9:4814 provides:

> A. No contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement … shall knowingly fail to apply the money received as necessary to settle claims to sellers of movables or laborers due for the construction or under the contract. Any seller of movables or laborer whose claims have not been settled may file an action for the amount due, including reasonable attorney's fees and court costs, and for civil penalties as provided in this Section.

*See* La. R.S. 9:4814.

XVI.

Upon information and belief, Rene Cross received payments from third-party contractors on contracts in which Gray's barges were utilized by Rene Cross, and failed to apply these payments received to settle the amounts due and owing to Gray.

XVII.

Louisiana R.S. 9:4814(C) further provides: "When the amount misapplied is greater than one thousand dollars, the civil penalties shall be not less than five hundred dollars nor more than one thousand dollars, for each one thousand dollars in misapplied funds."

XVIII.

Thus, pursuant to Louisiana R.S. 9:4814(C), Gray is entitled to receive the total amount of payments due under the outstanding invoices ($275,773.05) plus penalties.

XIX.

Additionally, Louisiana R.S. 9:4814 provides:

> A contractor, subcontractor or agent of a contractor or subcontractor who is found by the court to have knowingly failed to apply construction payments as required by Subsection A shall be ordered by the court to pay to plaintiff the penalties provided in Subsection (B) or (C), as may be applicable, and the amount due to settle the claim, including reasonable attorneys' fees and court costs.

*See* La. R.S. 9:4814(D).

XX.

Thus, pursuant to Louisiana R.S. 9:4814, Gray is entitled to receive the total amount of payments due under the outstanding invoices ($275,773.05), plus reasonable attorneys and court costs for the collection of same.

*Penalties Pursuant to Louisiana Revised Statute 9:2784*

XXII.

Gray adopts and incorporates by reference all preceding paragraphs as if copied *in extension*.

XXIII.

Upon information and belief, Rene Cross has made requests for payment to state and federal entities pursuant to work performed by Rene Cross on government sponsored projects, and state and federal entities have made payments to Rene Cross thereunder.

XXIV.

Upon information and belief, the requests for payment by Rene Cross to state and federal entities, and the payments received by Rene Cross, include the cost of barge rentals furnished by Gray to Rene Cross.

XXV.

Louisiana R.S. 9:2784 requires contractors, such as Rene Cross, to make payment to its subcontractors and suppliers within fourteen (14) consecutive days of the receipt of payment from the owner for improvements to an immovable. Rene Cross, without reasonable cause, has failed to pay Gray within fourteen (14) days of Rene Cross's receipt of payment from state and federal entities required by law.

XXVI.

Because Rene Cross has failed to make payments to Gray as required by law, Rene Cross is obligated to pay to Gray, in addition to the payments due, a penalty in the amount of one-half of one percent of the amount due, per day, from the fifteenth (15th) day following Rene Cross's receipt of payment on projects in which Rene Cross utilized Gray's barges, but failed to pay amounts due to Gray for their charter.

XXVII.

In addition, Rene Cross is obligated by statute to pay Gray's reasonable attorneys' fees for the collection of the payments due to Gray.

***Detrimental Reliance***

XXVIII.

Gray adopts and incorporates by reference all preceding paragraphs as if copied *in extenso*.

XXIX.

Gray agreed to provide its barges as a result of Rene Cross's assurance that Gray would be paid for same.

XXX.

Gray relied upon the representations and contractual agreements made by Rene Cross to Gray's detriment.

XXXI.

Gray was justified in its reliance on the representations made by Rene Cross.

XXXII.

Gray changed its position as a result of those misrepresentations.

7

XXXIII.

As a result, Gray has suffered damages, including but not limited to, the payments owed by Rene Cross, plus interest, attorney's fees, costs, and penalties.

XXXIV.

Gray is barred from now taking a position contrary to its prior acts, admissions, representations, or silence.

*Equitable Estoppel*

XXXV.

Gray adopts and incorporates by reference all preceding paragraphs as if copied *in extenso*.

XXXVI.

Alternatively, Gray asserts that Rene Cross is equitably estopped from now taking a position contrary to its prior acts, admissions, representations, or silence at the expense of Gray.

**WHEREFORE**, Plaintiff J.R. Gray, Inc. prays that process in due form of law may issue, citing the Defendant Rene Cross Construction, Inc. to appear and answer in the time prescribed by law; that after due proceedings are had, that there be judgment in favor of Plaintiff J.R. Gray, Inc. and against Defendant Rene Cross Construction, Inc., for TWO HUNDRED SEVENTY-FIVE THOUSAND SEVEN HUNDRED SEVENTY-THREE DOLLARS AND FIVE CENTS ($275,773.05) together with 18% interest per annum from date of judgment, reasonable attorneys' fees, and court costs pursuant to the Bareboat Charter Agreements entered into by the parties, and civil penalties pursuant to Louisiana Revised Statutes 9:4814 and 9:2784, and for all other and further relief to which J.R. Gray may in law and in justice be entitled to receive.

Respectfully submitted on July 25, 2016.

**WAITS, EMMETT, POPP & TEICH, L.L.C.**

/s *Jordan Teich*
JORDAN N. TEICH (32254)
RANDOLPH J. WAITS (13157)
JOHN F. EMMETT (1861)
MATTHEW F. POPP (24608)
MARK A. HILL (33891)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone:     (504) 581-1301
Facsimile:     (504) 585-1796
E-mail:        jteich@wep-law.com
*Attorneys for J. R. Gray, Inc.*

PLEASE SERVE:
Rene Cross Construction, Inc.
*Through its Agent for Service of Process:*
Davin Boldissar
601 Poydras Street, Suite 2660
New Orleans, LA 70130